## MATCH IMPORT CO., INC. *v.* UNITED STATES

No. 4762.—Invoices dated Kuopio, Finland, August 25, 1930, etc.
Certified August 26, 1930, etc.
Entered at Norfolk, Va., September 15, 1930, etc.
Entry Nos. DCE 147, 201, 237, 258, 289, 342, 356, 450, 471, 517, 794, 296.

(Order dated March 6, 1940)

*Harry G. Herman* for the United States Fidelity & Guaranty Co., for the motion.
*Lamb & Lerch* (*John G. Lerch* and *Thomas J. McKenna* of counsel) for the plaintiff, in opposition to the motion.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the United States.

### ORDER

KINCHELOE, Judge: The United States Fidelty & Guaranty Co. has filed before this court a motion to intervene as a party plaintiff in the matter of Match Import Co., Inc., by the *Hipage Co. v. United States*, involving reappraisements 99827–A, etc.

It appears from the briefs filed by counsel for the moving party that said company, as surety, with the customs broker who made entry of the merchandise covered by the appeals in question, as principal, duly executed certain term entry bonds; that said bonds were filed with the collector of customs at Norfolk, Va., the port of entry of said merchandise; that the entries covered by said appeals were made under the terms of said bonds; and that thereafter the appraiser made his returns on said entries. It is further alleged by said counsel that the Match Import Co., Inc., plaintiff in the appeals in question, has dissolved and is without assets to meet the payment of the duties which will become due to the Government if the decision in the appeals in question is adverse to plaintiff; and that said customs broker is also not financially responsible and therefore unable to meet the payment of duties payable under the circumstances indicated; and that, therefore, the moving party is exposed to a liability that will accrue if the plaintiff is unsuccessful in its litigation of these appeals in which it seeks to intervene as a party.

Although much is said in the briefs of counsel for the moving party concerning the potential liability of the Fidelity & Guaranty Co., as surety on the term entry bonds referred to, it clearly appears from his oral argument before this court that the principal reason for seeking an order to intervene is the moving party's fear that the appeals to reappraisement in question will not be prosecuted when they are

called for trial, but that they will be abandoned by the attorneys of record for plaintiff. In the course of his oral argument, said counsel stated that the United States Fidelity & Guaranty Co. wants to "carry on this litigation for no other reason except for the fact that these appeals would be abandoned, and the Government would thereupon enter its judgment or the appeals would be reduced to a duty assessment." Putting it more plainly, said counsel further stated, "I am merely making this motion to intervene because I am afraid the appeals will be abandoned. I want to make this motion, and if we are licked, all right, we will have to pay the bill."

A brief history of the subject matter of the appeals in question will throw some light on the extent of the proceedings heretofore had in connection therewith. The merchandise involved in said cases consists of certain matches imported from Finland. They were appraised under the provisions of the Antidumping Act of 1921, and assessed with antidumping duties, pursuant to the provisions of T. D. 44716. Plaintiff contends that said antidumping duties do not apply to the merchandise covered by the importations in question.

The issue thus presented is the same as that which was the subject of the decisions in the cases of *Kleberg & Co.* v. *United States*, 21 C. C. P. A. 110, T. D. 46446, which affirmed this court's decision in Reap. Dec. 2410; and *Kreutz & Co.* v. *United States*, 25 C. C. P. A. 180; T. D. 49273, which affirmed this court's decision in Reap. Dec. 4029. In the *Kleberg* case, *supra*, the merchandise consisted of matches from Austria, and said case was prosecuted in this court and in the Court of Customs and Patent Appeals by the original attorney, now deceased, for the plaintiff in the appeals in question. The *Kreutz* case, *supra*, involved matches from Sweden, and it was prosecuted throughout by the attorneys of record for plaintiff in said appeals to reappraisement. Since the issue presented in the appeals in question is the same in all material respects to that which was involved in the two cases referred to, said appeals were properly suspended, under the rules of this court, pending the outcome of the two cited cases, and they are now on the calendar and set for hearing peremptorily on March 22 at Norfolk, the port of entry of the merchandise covered thereby.

It is evident from the above review of cases that the issue presented by the appeals in question, or at least one of the questions involved so far as I am able to determine at this time, has been the subject of much litigation both in this court and in our appellate court. Furthermore, it is stated by attorneys for plaintiff in one of their briefs filed in connection with the petition before me that "the said firm being composed entirely of members of the bar of this court in good

standing has protected the interests of its client throughout the pending litigation and stands ready at all times so to do."

Before further discussing the merits of the points raised by the attorney for the moving party herein, it is my view that I must first determine whether this court has the power to issue the order sought herein. If, in my judgment, this court has no power to allow said moving party to intervene as a party in the appeals to reappraisement in question, then, of course, there is no necessity for further consideration of this matter.

The United States Customs Court is a statutory court of special and limited jurisdiction. It is the court exercising original jurisdiction in tariff matters to the exclusion of all other courts. It is the tribunal established by Congress providing a complete system of corrective justice for the administration of customs laws. (*David L. Moss Co., Inc.*, v. *United States*, 103 Fed. 2nd, 395.) Although its jurisdiction covers a wide scope, to include almost every legal controversy arising between an importer and the Government with respect to the rate assessable upon and the dutiable value of imported merchandise, nevertheless such jurisdiction is necessarily subject to the restrictions imposed by the various provisions of the Tariff Act of 1930.

Section 518 of said act provides for the organization of the Customs Court and sets forth how it shall be constituted. Included in the provisions of said section are mentioned certain powers possessed by the court, expressed in the following language:

The court and each judge thereof shall have and possess all the powers of a district court of the United States for preserving order, compelling the attendance of witnesses and the production of evidence, and in punishing for contempt. The court shall have power to establish from time to time such rules of evidence, practice, and procedure, not inconsistent with law, as may be deemed necessary for the conduct of its proceedings, * * *.

In exercising any of such powers, however, this court can only act, in my judgment, within the scope of the provisions of the section of the statute which is sought to be invoked. Therefore, if a code of procedure or rules of practice are promulgated affecting other Federal courts, including United States District Courts, this court cannot, in my opinion, apply any such code of procedure or rules of practice, if the application of same extends this court's powers beyond their limitations as conferred by the statute creating them.

Different sections of the tariff act provide for the various classes of cases over which this court acquires exclusive original jurisdiction, among them being Sections 489, 501, 514, and 516. Each of said sections provides for a particular type or form of proceeding, and it sets forth the conditions under which the class of suit therein provided for may be instituted, the time within which it must be filed, and the parties who may bring the action, or where parties are not named

(section 489, *supra*), the statute says "under such rules as the court may prescribe."

The cases in which the moving party herein seeks to intervene as a party plaintiff are appeals to reappraisement brought by the importer, through its agent, of certain imported merchandise whose value, for duty purposes, as found by the appraiser exceeds the importer's entered value. Such cases arise by virtue of the provisions of section 501, *supra*, which provides among other things, that where the appraiser finds a duitable value for imported merchandise which value is higher than the entered value *the consignee of such merchandise or his agent* may file before this court, within the time specified by the statute, an appeal for reappraisement of such merchandise.

Said language of said section is clear and unambiguous as to the parties authorized to file such an appeal. It specifically says that such appeal may be filed "by the consignee or his agent." In other words, it expressly limits such right to the party immediately responsible for the importation and entry of the merchandise, and who is directly liable for the payment of duty resulting from the importation. Said section does not extend the authority to appear in an importer's appeal as is provided in section 516 (a) of the Tariff Act of 1930.

Said section 516 (a), so far as it relates to filing appeals for reappraisement before this court, provides among other things, that an American manufacturer, producer, or wholesaler who believes that the appraised value of imported merchandise òf a class or kind manufactured, produced, or sold at wholesale by him is too low, may appear as a *party in interest* in a suit before this court to determine the proper dutiable value of the imported merchandise. Certain conditions precedent must be complied with before the jurisdiction of this court may be so invoked under section 516 (a), *supra*, but they have no bearing on the matter before me at this time. The cited provision of said section conveys the right to appear and be heard in this court to a *party in interest*, which right to appear does not exist under the provisions of said section 501, which the moving party herein is asking to invoke.

Nor do the provisions of section 501, *supra*, permit the court to exercise any discretion in its application thereof, such as is granted it in section 489 of said tariff act. In conferring jurisdiction on this court over petitions for the remission of additional duties assessed by reason of the final appraised value of imported merchandise exceeding an importer's entered value, said section 489 permits the filing of such petitions "under such rules as the court may prescribe." Pursuant to the quoted statutory phrase, this court has adopted a rule (Rule 29 of its rules adopted on May 29, 1936) which governs the filing of such a petition before this court.

Section 501, *supra*, is very explicit and very definitely restricts the parties litigant in the suits provided for therein. It is conceded by counsel that the moving party is not one expressly authorized by the statute to appear as a party plaintiff in an importer's appeal for reappraisement filed before this court under the provisions of said section 501. Moreover, in the class of cases the subject of this motion, to wit, importer's appeals to reappraisement, the United States always appears as the defendant, and it is fundamental that the Government can only be sued with its voluntary permission.

For the reasons hereinabove set forth, it is hereby ORDERED that said motion to intervene be and the same hereby is denied. Exception to this ruling is hereby given to the said moving party.