UNITED STATES *v.* REEDY FORWARDING COMPANY a/c ELLIS SALES COMPANY

No. 7919.

Entry No. M–1191.

(Order dated December 11, 1950)

*David N. Edelstein*, Assistant Attorney General (*Harold L. Grossman*, special attorney), for the plaintiff, against the motion.

*John F. Kavanagh* for Reedy Forwarding Company, for the motion.

*H. Reid DeJarnette* for the United States Guarantee Company.

DECISION AND ORDER ON MOTION TO IMPLEAD SURETY COMPANY AS PARTY DEFENDANT

RAO, Judge:   The Reedy Forwarding Company, above named, has moved this court for an order directing that the United States Guarantee Company of 90 John Street, New York, N. Y., be impleaded as a third party defendant.

In support of said motion, it is alleged that, on or about December 4, 1946, the Reedy Forwarding Company, acting for and in behalf of one C. L. Behrend, doing business as Ellis Sales Company of Cleveland, Ohio, caused to be entered at the United States customhouse at Miami, Fla., a shipment of hard candy, imported from Cuba.

It is further alleged that the said Reedy Forwarding Company, the importer of record, duly caused to be furnished to the customs authorities at Miami, Fla., an owner's declaration on behalf of the said Ellis Sales Company, signed by C. L. Behrend, president of said company, together with a bond of the United States Guarantee Company, in the sum of one thousand ($1,000) dollars.   By the terms of said

bond, a copy of which is attached to the memorandum of defendant Reedy Forwarding Company, filed in connection with this motion, C. L. Behrend, doing business as Ellis Sales Company, as principal, and United States Guarantee Company, as surety, bound themselves to pay to the collector of customs, when demanded by him, all supplemental, increased, or additional duties found legally due on all the merchandise covered by the entry in this case. As a consideration for this undertaking, the collector released the examined packages of the involved merchandise prior to the ascertainment of the value of the merchandise and of the full amount of duties and taxes due thereon.

The action in which this motion is pending is an appeal by the collector for a reappraisement of the merchandise imported by the Reedy Forwarding Company for the account of Ellis Sales Company. The reasons assigned by the Reedy Forwarding Company for the making of this motion are that as nominal consignee it has no information as to market value or other matters pertinent to this litigation and that repeated efforts on its part to contact the Ellis Sales Company for the requisite information have been unavailing. Accordingly, it is contended that "the appearance in this proceeding of the United States Guaranty [sic] Company is necessary and proper because the said Bonding Company by issuing its bond herein guaranteed the production of the merchandise in the event the Collector of Customs called for the re-delivery of the merchandise due to the demand for such re-delivery growing out of an alleged undervaluation by the importer who was bonded for such re-delivery by the said United States Guarantee Company."

At the outset, it must be noted that the copy of the bond supplied to me by the moving party, and alleged to have been filed in this proceeding, contains no such undertaking as is claimed in the foregoing quotation. The bond is not a so-called "Withheld Appraisement" bond guaranteeing redelivery of the merchandise in the event of any undervaluation. It is rather a "Bond Covering Release of Examination Packages," the only condition of which is the following:

If the said obligors shall pay to the collector of customs, when demanded by him, all supplemental, increased, or additional duties or taxes found legally due on all the merchandise covered by the said entry, then this obligation shall be void, otherwise it shall remain in full force and effect.

Before the United States Guarantee Company may be said to become liable under the terms of its bond, it must first be established that there is a breach of the condition of the bond. Until there has been a determination that there are any supplemental, increased, or additional duties or taxes legally due upon the imported merchandise, no present liability to pay such duties rests upon that company.

Moreover, under the statute which governs this proceeding there is no provision for the appearance of a surety company, merely by

virtue of its having executed a surety bond, as a party thereto. Section 501 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, provides in part as follows:

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney.

Accordingly, therefore, in a reappraisement appeal, except in the case of an appeal by an American manufacturer, the only proper parties *plaintiff* are the United States on the one hand, or the consignee or his agent on the other, and this court is without power to permit any other person to appear or intervene as such. *Match Import Co., Inc.* v. *United States*, 4 Cust. Ct. 694, Reap. Dec. 4762. It seems to me that the principle of mutuality of rights and liabilities makes it equally clear that no parties other than those named in the statute would be proper parties defendant.

In the case of *United States of America* v. *Daniel F. Young, Inc., and United States Guaranty Co.*, 78 Treas. Dec. 123, T. D. 50745, the defendants were sued in the United States District Court for the Southern District of New York as principal and surety on a bond given for the release of merchandise prior to appraisement. The bond contained an undertaking for the redelivery of the merchandise on demand and in the event of failure so to do, the parties agreed to pay to the collector an amount equal to the value of the imported articles, plus duty. The court held that there was a breach of the conditions of the bond which entitled the plaintiff to recover, even though the defendant, Daniel F. Young, Inc., as consignee, filed a statement that it was not the actual owner of the merchandise, and supplied the name and address of the true owner and an owner's declaration within the period of time provided for in section 483 of the Tariff Act of 1930.

While the court did not expressly assert its jurisdiction over the cause of action before it, jurisdiction must be impliedly assumed by virtue of the court's having rendered a judgment for the plaintiff on the merits. *Union Oil Co. of California* v. *Bryan*, 52 F. Supp. 256. Since district courts have refused to entertain jurisdiction in cases wherein jurisdiction is vested in the Customs Court, *Riccomini* v. *United States*, 69 F. (2d) 480, *Patchogue-Plymouth Mills Corporation* v. *Durning*, 101 F. (2d) 41, and since the district court assumed jurisdiction of the action on the bond, it follows that the United States

Customs Court is without jurisdiction to hear and determine such action. The Customs Court lacks jurisdiction over any action maintainable for breach of the terms and conditions of the bond, and since the liability of the United States Guarantee Company in the instant case derives exclusively from the bond which it executed, it necessarily follows that the said company may not be compelled to appear as a party defendant.

For the foregoing reasons, it is ordered that the said motion to implead the United States Guarantee Company be, and the same hereby is, denied.

The case is restored to the next Miami docket for all purposes.