UNITED STATES *v.* D. HAUSER

**No. 8085.—**

Entry No. 1152.

(Decided February 14, 1952)

*Charles J. Wagner*, Acting Assistant Attorney General (*Chauncey E. Wilowski*, *Alfred A. Taylor, Jr., Daniel I. Auster*, and *Arthur R. Martoccia*, special attorneys), for the plaintiff.

Defendant not represented by counsel.

JOHNSON, Judge: This is an appeal for reappraisement filed by the collector of customs at the port of Tampa, Fla., from the appraisement of the appraiser at that port of certain brooms stated upon the appeal to have been imported by D. Hauser.

When this case was called for trial after transfer to the port of New York, D. Hauser appeared in his own behalf. He stated he was a licensed customhouse broker and made the entry in question for account of the owner and ultimate consignee, the Circle F. Distributing Co. of Lakeland, Fla., but disclaimed that he was properly a defendant in this matter for the reason that a timely owner's declaration had been filed which relieved him of all responsibility and liability in connection with the entry. He stated that such owner's declaration was duly filed on May 17, 1945, and that he holds a receipted copy to that effect. Mr. Hauser also stated that he had notified the party in interest of any and all action taken by him in the matter. Counsel for the Government requested that the case be transferred to the next Tampa docket.

At a hearing in Tampa, Fla., held March 23, 1950, a certain Miss Fuchs appeared in the matter but stated to the court that she had no lawyer. A continuance was granted. When next called for trial at that port on February 23, 1951, no one appeared on behalf of the defendant. The Government introduced in evidence a certain report of a customs agent, admitted as exhibit 1, and rested. Thereafter, the court set aside the submission of the case and restored it to the calendar for the reason that the calendar showed D. Hauser with an additional defendant, Circle F. Distributing Co., listed as if there were two defendants in the case. The court stated:

With that situation before me, neither the defendant, D. Hauser, nor the other party, now found to have been erroneously listed, appeared in court, and no counsel for either or both was present. Assuming the defendant had been notified, I ordered the case to trial as the record discloses.

After the Government had offered its proof, the case was submitted and request for brief was granted, which brief has been filed.

It has now come to my attention for the first time that the defendant, Hauser, was never permitted by Order of the Court, to withdraw as defendant in this case, and further on the mistaken assumption he was no longer the defendant, he was not notified by the clerical staff of the presence of this litigation on the Tampa docket of February 23, 1951.

For these reasons, I am directing herewith that the Order issued at Tampa on February 23, 1951, submitting this case for decision, be vacated and the case be restored to the next Tampa docket for all purposes.

At the next hearing of the case at Tampa, Fla., on November 13, 1951, before me, there was no appearance on behalf of the defendant and the Government resubmitted the case on the record already made.

An inspection of the record discloses that the collector at the port of Tampa forwarded to the court on June 10, 1949, an owner's declaration dated May 14, 1945, which was received in the office of the collector of customs, Tampa, Fla., on May 17, 1945. The document, which is under oath, declares that Viola H. Fuchs is the sole owner of the Circle F. Distributing Co. of Marble Arcade, Lakeland, Fla., and in such capacity declares that "they are the actual owners for customs purposes of the merchandise covered by the entry   *   *   *   [D–1152 Consignee Circle F. Distributing Co. from Havana, Cuba, Date 5/12/45], and that they will pay all additional and increased duties thereon pursuant to section 485, paragraph (d), of the Tariff Act of 1930,   *   *   *."

Section 485 (d) of the Tariff Act of 1930 provides as follows:

SEC. 485.  DECLARATION.

(d)  A consignee shall not be liable for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise, (2) he furnishes the name and address of such owner, and (3) within ninety days from the date of entry he produces a declaration of such owner conditioned that he will pay all additional and increased duties, under such regulations as the Secretary of the Treasury may prescribe.  Such owner shall possess all the rights of a consignee.

It further appears upon the back of the entry of the merchandise that D. Hauser, under oath, declared the name and address of the actual owner to be the Circle F. Distributing Co., Marble Arcade, Lakeland, Fla., and that he, D. Hauser, the nominal consignee in whose name the entry is made, is not the actual owner of the merchandise.

It further appears from the entry papers and such owner's declaration that not only were such documents referred to filed within the time required by law, but they were filed before the collector at the port of Tampa appealed for a reappraisement of brooms imported by D. Hauser, to wit, June 11, 1945, even though he was aware of the fact that D. Hauser had been superseded as consignee.

In the circumstances, it is my judgment that D. Hauser would not need permission to withdraw as defendant in this case, in view of the

fact that according to law at the time this action was instituted he was not a party against which such action could be brought.   Not being properly a party defendant, the question arises, and must first be decided, whether or not this court has jurisdiction to entertain an action against a party whose liability therein had been entirely eliminated in accordance with law prior to the time the collector filed his action.   I am of the opinion that this court has no jurisdiction to proceed with a reappraisement for the reason that the action is not properly before the court.

Section 501 of the Tariff Act of 1930, as amended, provided that an appeal for reappraisement may be filed by the consignee of such merchandise or his agent.   As the trial court stated in *Match Import Co., Inc.* v. *United States*, 4 Cust. Ct. 694, Reap. Dec. 4762, such language "expressly limits such right to the party immediately responsible for the importation and entry of the merchandise, and who is directly liable for the payment of duty resulting from the importation."   Compliance with section 485 (d) *supra*, relieves such consignee from responsibility, and substitutes in his place the owner who *shall possess all the rights of a consignee*, which would include the right to defend any action in regard to merchandise imported by him brought by a collector of customs.   Thus, when the owner is substituted as the consignee of the merchandise and declares he will pay all additional and increased duties, it is clear to the court that the collector named the wrong defendant in his appeal when he specified the original consignee.   If D. Hauser were the plaintiff appealing from the action of the appraiser in appraising the merchandise at too high a value, there is no doubt that he would have no standing in court upon a showing that he had been relieved from all responsibility in the premises, unless he acted as agent under authorization by the consignee, Circle F. Distributing Co.

For the reason stated, and upon the court's own motion, this reappraisement proceeding is dismissed for failure of the collector to name the proper defendant to the action.   Judgment will be entered accordingly.