(C. D. 1394)

Fidelity and Casualty Company of New York v. United States

United States Customs Court, Third Division

(Decided March 3, 1952)

*Benjamin A. Levett* (*Benjamin A. Levett* and *Meyer Ohlbaum* of counsel) for the petitioner.

*Charles J. Wagner*, Acting Assistant Attorney General (*Daniel I. Auster* and *John J. Antus*, special attorneys), for the respondent.

Before Cline, Ekwall, and Johnson, Judges; Cline, J., not participating

Ekwall, Judge: This is a petition for remission of additional duties filed under authority of section 489 of the Tariff Act of 1930. The merchandise, covered by six entries, consisted of skin glue imported from Rumania, Bulgaria, and France. They were all the subject of reappraisement proceedings in which the appraised values were affirmed. At the time said reappraisement cases first appeared on the docket, counsel for the importer, L. H. Lang-G. Van Gelder, Inc., stated that due to conditions abroad at that time, it was impossible to obtain evidence relative to the dutiable values of the merchandise. Thereafter, upon liquidation, increased regular duties were assessed and also additional duties by reason of the advance in values.

The record indicates that the importer had been out of business for a number of years previous to the filing of the petition here involved. Said petition was filed by the Fidelity and Casualty Company of New York, the surety on the importer's bond. Counsel for the Government moved to dismiss the petition upon the ground that this petitioner is not a proper party. Ruling on the motion was reserved. Before proceeding to a discussion of the merits, we will consider the question of the petitioner's right to file the petition.

Section 489, *supra*, insofar as applicable, is in the following language:

\* \* \* Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except \* \* \* or in any case upon the finding of the United States Customs Court, upon a petition filed at any time after final appraisement and before the expiration of sixty days after liquidation and supported by satisfactory evidence under such rules as the court may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. \* \* \*

It will be noted that nowhere in this section is there an indication as to who may file the petition for remission. As a matter of law, it should be self-evident that filing by a stranger to a transaction should not be permitted. *Frederick Richards* v. *United States*, 24 C. C. P. A. (Customs) 243, T. D. 48670. There, the court held that a customhouse broker, under the facts deduced, was a proper party to file. In so holding, the court cited and quoted from the case of *Hensel, Bruckmann & Lorbacher (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 498, T. D. 41377. In the *Hensel* case, *supra*, in discussing section 489 of the Tariff Act of 1922, which, for the purposes of the instant case, was the prototype of section 489 here involved, the court said:

At no place in the section is it either directly or indirectly suggested that the importer is the only proper person to file the petition. Of course, whoever files

it should show his interest. It is clear, in this case, that the brokerage firm was there and is here acting for its client, and if the duties are remitted the benefit will accrue to the party in interest, * * *.

In the *Richards* case, *supra*, the consumption entry stated "Merchandise imported by Frederick Richards, nominal consignee * * *." It was held that upon the record it was fairly established, among other things, that the consumption entry was prepared and filed by Frederick Richards, Jr., and that he paid the regular duty and also the increased duty, but not the additional duty assessed because of the undervaluation. It was further held that "In view of * * *, the acceptance by the Government authorities of Richards' agency, or whatever his actual relationship with Stone [the actual purchaser] was, throughout the entire proceedings up to and including the acceptance from him of the increased duties assessed, we are of opinion that he was entitled to prosecute the action which he began, and we so hold."

However, in both the above-cited cases the petitioners were customs brokers and the court recognized them as agents. In the instant case, the petitioner, the Fidelity and Casualty Company of New York, is not a broker and took no part in the entry of the merchandise other than to become surety for redelivery of the merchandise, the production of documents, performance of the conditions of release of said merchandise, and for the payment of liquidated damages.

The petition alleges, among other things:

That the Collector of Customs thereafter demanded of your Petitioner, as surety on the bonds, the amount of the duties and additional duties found due upon the liquidation of the entries as above set forth and your Petitioner as surety and complying with its obligations under said bonds has paid all the duties so demanded by the Collector of Customs and therefore your Petitioner became subrogated to any and all rights of the principal under said bonds, to wit: L. H. Lang-G. Van Gelder, Inc., to recover said additional duties; * * *.

Said bonds, which are in evidence, are the usual form of single consumption entry bond (customs Form 7551) and, with the exception of the amounts, are in the following language:

\* \* \* \* \* \* \*

(To redeliver merchandise, to produce documents, to perform conditions of release, such as to label, hold for inspection, set-up, etc. To be taken in all cases when release is requested prior to inspection, examination, or liquidation)

KNOW ALL MEN BY THESE PRESENTS, That L. H. Lang G. Van Gelder Inc. of the State of New York, of 41 East 42nd Street, New York City, as principal, and The Fidelity and Casualty Company of New York of 80 Maiden Lane, New York, as sureties, are held and firmly bound unto the UNITED STATES OF AMERICA in the sum of Thirty Nine Hundred dollars ($3900.00), for the payment of which we bind ourselves, our heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

WITNESS our hands and seals this 10th day of March, 1937

WHEREAS, certain articles have been imported at the port of New York and entered at said port for consumption on entry No. 821291 dated March 10th, 1937, and described therein and

WHEREAS, the said principal desires release of said articles prior to the ascertainment by customs officers of the quantity and value thereof, and of the full amount of the duties and charges due thereon, and prior to the decision by the proper officer as to the right of said articles to admission into the United States:

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, That—

(1)  If the above-bounden principal shall redeliver or cause to be redelivered to the order of the Collector of Customs, when demanded by such collector (the said demand to be made not later than twenty (20) days after the appraiser's report), such of the merchandise as was not sent to the public stores, and also shall redeliver to the collector, on demand by him, in accordance with law and regulations in effect on the date of the release of said articles, any and all merchandise found not to comply with the law and regulations governing its admission into the commerce of the United States, and if the said principal shall mark, label, clean, fumigate, destroy, export, and do any and all other things in relation to said articles that may be lawfully required, and shall hold the same for inspection and examination; or if, in the event of failure to comply with any or all of the conditions hereinabove referred to, he shall pay the said collector an amount equal to the value of said articles as set forth in said entry, plus the duty thereon;

(2)  And if the above-bounden principal shall deliver to the said collector such consular invoices, declarations of owners or consignees, certificates of origin, certificates of exportation, and other declarations, certificates, and documents as may be required by law or regulations in connection with the entry of said articles, and in the form and within the time required by law or regulations, or any lawful extension thereof, or in the event of failure to comply with any or all of the conditions of this section shall pay to said collector such amounts as liquidated damages as may be demanded by him in accordance with the law and regulations, not exceeding the penal sum of this obligation for any breach or breaches thereof;

Then this obligation to be void; otherwise to remain in full force and effect.

\*          \*          \*          \*          \*          \*          \*

The letter of the collector in evidence (exhibit 2) states that the importer and the petitioner herein are both liable for "liquidated damages in amounts equal to invoice values plus the estimated duties." There is no indication in this letter that the collector demanded the increased duties from the surety. Said letter is addressed to the importer of record, care of counsel who appeared on behalf of the petitioner herein, with a notation of copy to the petitioner. It states that there are certain enumerated sums due the Government as increased duties, and, further, states as follows:

You as importer and the Fidelity and Casualty Co. are both liable for *liquidated damages* in amounts equal to invoice values plus the estimated duties due to your failure to comply with the terms of timely requisitions transmitted to you on customs Form No. 3483. These damages have been computed as follows:

\*          \*          \*          \*          \*          \*          \*          .

Unless remittance of the amount due is received within a reasonable time, this office will be obliged to take such action as may be necessary to protect the interests of the Government. [Italics supplied.]

The record is silent as to the nature of the "requisitions * * * on customs Form No. 3483." We find as part of the official papers, requisitions for the return of packages for examination on customs Form 3294, in connection with each of the entries involved, under dates in 1939, at which time the Customs Regulations of 1937 were in full force and effect. Article 316 (c) thereof provided as follows:

(c) A demand for the redelivery of the merchandise shall be made when the appraiser's report indicates that increased or additional duties will accrue, unless the increased and additional duties are promptly deposited, provided that such demand must be made within 20 days after the appraiser's report.

It is noted that the corresponding article to article 316 (c) above (8.26 of the Customs Regulations of 1943) which was in effect at the time these entries were liquidated, provides for this type of notice to be sent on customs Form 3483. This may account for the statement in exhibit 2 that the requisitions were transmitted on customs Form 3483.

The summary sheets disclose that the values were advanced in the case of each entry here involved. Collective exhibit 3, on customs Form 5107, indicates the amount of increased and additional duty due in each case. However, these notices show the date of liquidation in each case to have been January 5, 1950, at which time, according to the evidence, the importer had been out of business for a number of years. The supervising attorney in the binding claim department of this petitioner testified that the amounts shown on the notices (collective exhibit 3) were paid by the petitioner. A comparison of the amounts shown as due by such notices with the various official notations of liquidation on the entries discloses that such amounts are made up of increased duties and additional duties assessed under section 489, *supra*, in each case. This was admitted by Government counsel at the hearing. The bond above set forth provides that in the event of failure to comply with the terms thereof, the principal "shall pay the said collector an amount equal to the value of said articles as set forth in said entry, plus the duty thereon." It is therefore apparent that the petitioner paid a portion of the duty found due on liquidation of the entries here involved. One of the oldest doctrines is the rule of subrogation. Insofar as sureties are concerned the rule is—

Not only is a surety subrogated to the rights and remedies of the creditor, but he is also subrogated to such rights and remedies, as the principal has in connection with the debt, which will afford him a means of reimbursement; * * *. (60 C. J., p. 771.)

In the instant case the petitioner, the surety company, succeeded to the rights of its principal, the importer. Succeeding to said princi-

pal's rights, the surety also succeeds to the principal's means of enforcing such rights. By statute (section 489, *supra*), the importer had a right of action against the United States by petition duly filed for remission of sums assessed as additional duties. Therefore, the surety has a right to maintain such an action.

For the reasons set forth above, we deny the Government's motion to dismiss the suit on the ground that it is not brought by a proper party.

On the merits, the petitioner produced the testimony of a former employee of the customhouse brokers who made entry of this merchandise. He testified that the invoices were submitted to the appraiser prior to entry and that neither at the time the entries were filed nor at any time did he have any other invoices showing values higher than those stated in the invoices on file. The witness further stated that at no time did he receive any information indicating a higher value. On cross-examination, he stated that after his firm received the return of the submission sheets, it communicated with the importer of record, but he had no personal knowledge as to what said importer did with respect to that request.

Benjamin A. Levett, Esq., attorney for the petitioner, testified as to his efforts to obtain information regarding the market value of the merchandise. However, he had nothing to do with the entry of the imported goods, and testimony as to the difficulty he found in obtaining information as to value long after the goods had been entered, and which evidently was sought in connection with the filing of an appeal for reappraisement of the merchandise, can have little if any probative value in arriving at the intention of the importer in making entry of its merchandise.

Considerable time was consumed at the trial in an apparent endeavor to show that the importer of record was not the actual importer of the merchandise, and in this connection there was an intimation that a suit was pending in another court involving the integrity of the invoices. However, the record here shows by admission of Government counsel that the entries before us were not involved in that proceeding.

The Government examiner of merchandise who made the advisory appraisement of this merchandise testified on behalf of the respondent. He stated that investigations as to the value of the goods were instituted by the Government during the course of which certain private invoices were received, and it was from information contained on these private invoices that he calculated the value at which appraisal was made.

Customs Agent Williams also testified on behalf of the Government. His testimony was concerned with the Government's attempt to either establish or refute the integrity of the invoices. It appears

that he found the actual amounts of money remitted or credited to the Holland firm here involved for these shipments were in excess of the consular invoice value for such merchandise, but he did not find that any amount was remitted to the original shippers in other countries in excess of the consular invoice price.

Upon this record we are unable to find that the petition is "supported by satisfactory evidence" that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is therefore denied and judgment will be rendered accordingly.