(Reap. Dec. 8555)

ISADOR DORFMAN ET AL. AND CHARLES R. SPRINGMAN
*v.* UNITED STATES

Entry No. 8–B, etc.

(Decided March 9, 1956)

No appearance for Isador Dorfman or Dorcel Products Co., plaintiffs.

*William Whynman* for Charles R. Springman, plaintiff; *Hartford Accident & Indemnity Co.* and *United States Fidelity & Guaranty Co.*

*Warren E. Burger*, Assistant Attorney General (*Mollie Strum* and *Daniel I. Auster*, trial attorneys), for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, involve determination of the value of finished and unfinished cigar lighters, imported from Mexico, and entered at the port of Brownsville, Tex.

When the appeals for reappraisement were called for hearing at Brownsville, Tex., there was no appearance, either in person or by attorney, by Isador Dorfman, named as plaintiff in reappraisements 222255–A to 222267–A, inclusive, or by Dorcel Products Co., the named plaintiff in reappraisements 222268–A to 222348–A, inclusive. Government counsel then moved to dismiss each of the appeals for lack of prosecution. Thereupon, Charles R. Springman, the customhouse broker, who made each of these entries in his own name as nominal consignee and as agent for the account of Isador Dorfman or Dorcel Products Co., applied to have his name "added as a party plaintiff" (R. 3) in each of the appeals for reappraisement. At the same time, Hartford Accident & Indemnity Co. and United States Fidelity & Guaranty Co., sureties on the bonds of Charles R. Springman, moved for leave to intervene as parties plaintiff in each of the above cases.

Thus, our first consideration herein must be directed to defendant's motion for dismissal, Charles R. Springman's application to be added as a party plaintiff, and the sureties' motion to intervene as parties plaintiff.

Appeals for reappraisement of imported merchandise are governed by statute, section 501 of the Tariff Act of 1930, as amended, which, so far as pertinent, provides as follows:

> The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, * * * . The decision of the appraiser * * * shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed *by the consignee or his agent* with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. [Italics added.]

The foregoing provisions, particularly as they refer to the parties authorized to file an appeal for reappraisement, were construed in *Match Import Co., Inc.* v. *United States*, 4 Cust. Ct. 694, Reap. Dec. 4762, as follows:

> Said language of said section is clear and unambiguous as to the parties authorized to file such an appeal. It specifically says that such appeal may be filed "by the consignee or his agent." In other words, it expressly limits such right to the party immediately responsible for the importation and entry of the merchandise, and who is directly liable for the payment of duty resulting from the importation.

In *United States* v. *Reedy Forwarding Company a/c Ellis Sales Company*, 25 Cust. Ct. 469, Reap. Dec. 7919, section 501, as amended, *supra*, was discussed. In that case, the court cited, with approval, the *Match Import Co., Inc.*, case, *supra*, and stated as follows:

> Accordingly, therefore, in a reappraisement appeal, except in the case of an appeal by an American manufacturer, the only proper parties *plaintiff* are the United States on the one hand, or the consignee or his agent on the other, and this court is without power to permit any other person to appear or intervene as such. * * * [Italics quoted.]

The appeals for reappraisement under consideration—there are 94 of them—are signed by the printed name of the owner of the merchandise, either Isador Dorfman or Dorcel Products Co., as the case may be. The printed signature is followed, in each instance, by the written signature, "C. R. Springman." Underneath the written signature, the words, "Customs Broker," are printed. All of the entries involved herein were filed by the said "C. R. Springman," who declared on entry that he was acting as the nominal consignee and agent for the said Isador Dorfman or Dorcel Products Co. Under such circumstances, Springman is the consignee and owner of the im-

ported merchandise for customs purposes and is liable to the United States for any and all increased and additional duties that may result from final appraisement, since no owner's declaration was filed. (Sections 483, 484, and 485 of the Tariff Act of 1930.) He thus acquired, and was vested with, the statutory right to file an appeal for reappraisement of the merchandise covered by each of these entries.

Government counsel, during the course of oral argument and in their brief, virtually conceded that C. R. Springman is a proper party plaintiff, but alleged untimeliness. Such a claim has no merit. All of the appeals involved herein were filed within the period of time fixed by statute, section 501, as amended, *supra*. The court acquired jurisdiction of the subject matter, and, under statutory mandate (28 U. S. C. § 2631), must determine the value of the merchandise.

The application of Charles R. Springman is granted, and the clerk of the court is hereby directed to take the necessary action, showing Charles R. Springman as a party plaintiff in each of these appeals for reappraisement. Defendant's motion to dismiss the appeals for lack of prosecution and the motions of Hartford Accident & Indemnity Co. and United States Fidelity & Guaranty Co. to intervene as parties plaintiff are hereby severally denied.

With respect to the merits of these appeals, the cases are before me on undisputed facts. An agreed set of facts, relating to the merchandise covered by reappraisements 222255-A to 222259-A, inclusive, establishes that the articles covered thereby consist of finished cigar lighters, that the proper basis for appraisement of the merchandise is export value, as defined in section 402 (d) of the Tariff Act of 1930, and that such statutory value is the appraised values, and I so hold.

As to the merchandise covered by reappraisements 222260-A to 222348-A, inclusive, an oral agreement between counsel for the respective parties establishes the following facts:

(1) That the merchandise covered by those 89 appeals consists of "unfinished cigar lighters having missing parts essential to the proper operation of the cigar lighters."

(2) That, before sale of the imported merchandise, "the missing parts and the necessary labor to finish said cigar lighters were supplied after importation with parts and labor of United States origin."

(3) That, at or about the time of exportation of these unfinished cigar lighters, "such or similar merchandise in their unfinished condition as imported was not sold in Mexico for home consumption in Mexico or sold for exportation to the United States or sold in the United States."

(4) That all of these unfinished cigar lighters "were appraised in Mexican currency on the basis of export value of finished lighters per

unit of one lighter, from which value the appraiser deducted the appraiser's estimation of the cost of the missing parts as 25 centavos, and also the appraiser deducted his estimation of the cost of fabrication in connection with the missing parts which he estimated to be 25 centavos, making a total deduction of 50 centavos from the appraised value of the finished lighter, and to which sum the appraiser added a Mexican stamp tax of .088 percent per lighter. And in addition thereto the appraiser added a packing charge of .0177 Mexican currency which was estimated by the customs investigating officer as the cost of packing per lighter and which estimation of such cost of packing was accepted by the examiner and adopted by the appraiser."

(5) That if cost of production, as defined in section 402 (f) of the Tariff Act of 1930, is found to be the proper basis for appraisement of these unfinished cigar lighters, then "the respective invoice values represent or are equal to" such statutory value of the merchandise.

The agreed facts, as set forth in paragraph (4), show conclusively that the appraiser's method of finding a value for these unfinished cigar lighters was not in compliance with statutory requirements. His acceptance of an export value for finished cigar lighters, and then deducting from such value estimated costs of certain parts as a basis for appraisement of the unfinished imported cigar lighters, cannot be supported by any definition of value in section 402 of the Tariff Act of 1930, either as originally enacted or as modified. It is no proof of any statutory value to take the export value of a finished article and estimate the costs of certain parts thereof and then arrive at a value for the unfinished product by deducting estimated costs of certain parts from the value of the finished product. *United States* v. *Alatary Mica Co.*, 19 C. C. P. A. (Customs) 30, T. D. 44871. "Dutiable value can not be fixed by comparison, by taking a proportionate part of the value of other kinds of goods." *United States* v. *Irving Massin & Bros.*, 16 Ct. Cust. Appls. 19, T. D. 42714 (quoted from syllabus). Accordingly, I hold the appraisements of the unfinished cigar lighters in question, as hereinabove identified, to be erroneous.

On the basis of the agreed facts, as they relate to the unfinished cigar lighters covered by reappraisements 222260–A to 222348–A, inclusive, and for all of the reasons, hereinabove set forth, I hold that there is no foreign, export, or United States value for these unfinished cigar lighters, that the proper basis of appraisement therefor is cost of production, and that such statutory value is the invoice values.

Judgment will be rendered accordingly.