**WALKER INTERNATIONAL CORP., Appellant,**

v.

**UNITED STATES, Appellee.**

**Customs Appeal No. 76–25.**

United States Court of Customs and Patent Appeals.

May 12, 1977.

David Serko, Gerald B. Horn, Serko & Simon, New York City, attorneys of record, for appellant.

Carla A. Hills, Barbara Allen Babcock, Asst. Attys. Gen., Washington, D. C., David M. Cohen, Alan L. Langus, New York City, for the United States.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Judges and SCOVEL RICHARDSON, Judge, United States Customs Court.

MILLER, Judge.

This appeal is from orders of the Customs Court dismissing the above-entitled action and denying plaintiff-appellant's motion for rehearing. The appeal turns on whether there was a manifest or gross abuse of discretion by the Customs Court. *Quigley*

*& Manard, Inc. v. United States,* C.A.D. 1121, 496 F.2d 1214, 61 CCPA 65 (1974); *Reynolds Trading Corp. v. United States,* C.A.D. 1120, 496 F.2d 1228, 61 CCPA 57 (1974). We affirm.

Dismissal was pursuant to Rule 8.3(b)(2) of the Customs Court, which provides for involuntary dismissal as follows:

> (2) An action in which issue has been joined, but no further proceedings have been instituted for a period of 1 year, may be dismissed by the court on its own motion for lack of prosecution unless good cause is shown for such delay.

On November 20, 1975, the Customs Court issued the following order:

> WHEREAS, it appears that issue has been joined since July 1974 and no further proceedings have been conducted and,
>
> WHEREAS, it further appearing that the law firm of Serko & Sklaroff, who formerly represented the plaintiff, are [sic] no longer a partnership engaged in the practice of law, now therefore, it is hereby
>
> ORDERED that a period of sixty days is granted from the date of entry of this Order in which a motion for substitution of counsel may be filed and that in the event that said motion for such substitution is not filed, the Clerk is directed to forthwith dismiss the above entitled action pursuant to the provisions of Rule 8.3(b)(2).

On January 23, 1976, the following Order of Dismissal was entered by the Clerk:

> It appearing that a motion for substitution of counsel has not been filed in accordance with an Order of this Court entered on November 20, 1975, the above entitled action is dismissed pursuant to the provisions of Rule 8.3(b)(2).

On February 23, 1976, "PLAINTIFF'S MOTION FOR REHEARING" was filed by Serko & Simon, noting that they were "Attorneys for Plaintiff." The grounds for the motion were set forth in an attached affidavit by an associate of the firm of Serko &

Simon. Pertinent to the order of dismissal is the following recitation:

That all reasonable efforts were taken to communicate with plaintiff in order to arrange for the Substitution of Attorneys, including numerous letters and telephone calls over a period of more than six months, extending up to the present time; all such communications remain unanswered.

Appellant argues, in effect, that the Customs Court's order of November 20, 1975, was in error because, under the partnership law of the State of New York, the firm of Serko & Sklaroff, although dissolved, had not terminated but was continuing with respect to winding up its unfinished business (including litigation) and other affairs; also, because ethical considerations precluded Serko & Sklaroff from abandoning its obligations to appellant upon the partnership's dissolution; further, because, without objection by the client or by former counsel, the statement of an attorney, a member of the Bar admitted to practice before the Customs Court, is sufficient to establish that attorney's right to appear on behalf of a particular litigant.

We are unpersuaded by these arguments. Although such a statement by an attorney may ordinarily be sufficient to establish his right to appear on behalf of a litigant, that right is subject to the "diligent supervision" of the court in the management of its business. See *Sweeney v. Anderson*, 129 F.2d 756, 758 (CA 10 1942).[1] So, too, are the rights and duties of a law partnership winding up its unfinished litigation before the court. As appellee points out, without contravention by appellant, after the dissolution of Serko & Sklaroff there were three separate law firms: Serko & Sklaroff, winding up the partnership's unfinished business and other affairs; Serko & Simon; and Murray Sklaroff, Esq. Since the action was joined in July 1974 and no further proceedings had occurred for some sixteen months, it was within the court's discretion to determine which firm, if any, was authorized to represent appellant. Appellant was given a reasonable period of sixty days to comply with the court's order and, under Rule 8.3(b)(2), to otherwise show good cause for failure to prosecute. Although the aforementioned affidavit recites that "all reasonable efforts were taken to communicate with plaintiff," the court was never so advised during the sixty-day period, and seemingly its order was simply ignored. Accordingly, we hold that there was no abuse of discretion, much less a manifest or gross abuse of discretion, in the court's dismissal.

The affidavit filed in support of the motion for rehearing also contained the following recitations:

8. That upon information and belief, *Walker International Corp.* is no longer engaged in business.

9. That upon information and belief, in the event of the liquidation of the entries encompassed by the above-captioned action, the responsibility for payment of any additional duties owed will fall upon the surety companies under whose bond entry was made.

10. That upon information and belief, those surety companies are New Hampshire Insurance Company, Fireman's Fund Insurance Company, and American Casualty Insurance Company.

11. That the above surety companies are subrogated to the rights and liabilities of *Walker International Corp.* and as such stand in the shoes of plaintiff.

12. That in accordance with the decisions of this Court . . . the sureties, as the parties now responsible for the payment of duties to the Government, are proper parties to assume the responsibility for the continuation of the instant litigation.

13. That by reference to Rule 7.5(a)(5)[2] of the Rules of this Court, the

---

1. The reasoning of the court in *Sweeney* was quoted with approval by this court in *United States v. Chas. Kurz Co.*, C.A.D. 941, 396 F.2d 1013, 55 CCPA 107 (1968).

2. Rule 7.5(a)(5) provides:
 (5) Substitution of parties does not affect the right to use depositions previously taken.

inference is clear that one may substitute parties in litigation before the Customs Court.

14. That in accordance with Rule 24(a)[3] of the Federal Rules of Civil Procedure, the surety companies are entitled, as of right, to intervene in the above-captioned action, for the purpose of protecting their interests.

15. That, alternatively, the surety companies are entitled to be substituted as proper parties to this action, in accordance with Rule 25(c)[4] of the Federal Rules of Civil Procedure.

16. That New Hampshire Insurance Company and Fireman's Fund Insurance Company have authorized the firm of Serko & Simon to represent their interests in this matter.

17. That filed concurrently herewith is Notice of Consent to Substitution of Attorneys, evidencing such intent.

18. That whereas the rational [sic] for the dismissal of this action was the inability of counsel to file a substitution of attorneys, and whereas said inability has now been overcome, and whereas the failure to reinstate this action will result in extreme hardship to the sureties involved while the reinstatement will in no way burden the defendant, and whereas the sureties are innocent parties to these transactions, and whereas the claim contained in the instant action is a meritorious one, deponent believes that there no longer exists any obstacle to the reinstatement of the instant action.

 Thus, the Customs Court was presented with a situation in which one of the three law firms referred to above, Serko & Simon, noted in the motion for rehearing that it was the attorney for plaintiff but, at the same time, stated that plaintiff was "no longer engaged in business" and that "all reasonable efforts were taken to communicate with plaintiff," but without success. No motion was made by the surety companies under Fed.R.Civ.P. 24(a) to intervene in the motion for rehearing or, under Fed.R.Civ.P. 25(c), to be substituted for or joined with Walker for purposes of the motion for rehearing. They were not parties for purposes of the statute in effect at the time of the involved entries.[5] *Wilmington Shipping Co. v. United States*, 52 Cust.Ct. 650, 654–55, A.R.D. 175 (1964), aff'd, 52 CCPA 76, C.A.D. 861 (1965); *United States v. Reedy Forwarding Co.*, 25 Cust.Ct. 469, 471, Reap.Dec. 7919 (1950). Not having paid any portion of the involved duties of the principal, they obviously were not subrogees. See *Fidelity & Casualty Co. v. United States*, 28 Cust.Ct. 103, C.D. 1394 (1952). The Customs Court, in denying the motion for rehearing, clearly treated Walker as the party-plaintiff. Accordingly, the surety companies had no standing as parties

3. Fed.R.Civ.P. 24(a) provides:

 (a) *Intervention of right.*

 Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

4. Fed.R.Civ.P. 25(c) provides:

 (c) *Transfer of interest.*

 In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. . . .

5. Section 501 of the Tariff Act of 1930, ch. 497, 46 Stat. 730, as amended by 52 Stat. 1084 and 67 Stat. 517, provides in pertinent part:

 (a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney . . . . . The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed . . . by the consignee or his agent . . . . .

before the Customs Court and have no standing here under 28 U.S.C. § 2601.[6]

Contrary to the affidavit filed in support of the motion for rehearing, the action was dismissed pursuant to Customs Court Rule 8.3(b)(2) for lack of prosecution by plaintiff-appellant, no good cause having been shown therefor. Assuming, arguendo, that the claim in the action were meritorious and that dismissal, if affirmed, would result in hardship to the sureties, that hardship cannot be blamed on the Customs Court when no action was taken by the sureties to obtain standing. Authorization by the sureties for the firm of Serko & Simon to represent their interests in the action can hardly be said to have cured the standing problem.

In denying the motion for rehearing, the Customs Court obviously decided that the grounds recited did not set forth good cause for reversing its order of dismissal. We are satisfied that its denial was not a manifest abuse of discretion.

The orders of the Customs Court are *affirmed*.

**6.** 28 U.S.C. § 2601 provides in pertinent part:
 (a) A party may appeal to the Court of Customs and Patent Appeals from a

final judgment or order of the Customs Court within sixty days after entry of the judgment or order.