BEFORE THE FIRST DIVISION, FEBRUARY 10, 1955

**No. 58757.**—Harris Brothers Company *v.* United States, petition 6991–R (Chicago).

MOLLISON, Judge: This is a petition filed under the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties accruing by reason of undervaluation on entry of certain wooden doors imported from Canada.

From a reading of the record, it clearly appears that the undervaluation in this case was caused by a difference of opinion between Louis K. Burno, vice president of the petitioning company and the officer thereof responsible for making entry, and the customs officers as to the correct value to be adopted on entry in the case where the purchase price varied with the quantity purchased. The merchandise at bar was sold at three price levels, the lowest being for sales in carload lots, defined as 600 or more doors. This was the quantity in which the petitioner purchased, and, in the belief of its vice president, from his experience, it was the quantity in which the manufacturer sold from 65 to 75 percent of all his doors.

Doors were also offered by the manufacturer at a higher price, when purchased in quantities of 10 to less than a carload, and at a still higher price, when purchased in quantities of 1 to 9 doors. Mr. Burno instructed the customhouse broker to enter the merchandise at the invoice price, which was that at which carload lots were sold. The appraiser adopted the price for doors sold in quantities of one to nine, presumably because that was the price at which the greater number of sales was made.

The petitioner was offered the opportunity of amending its entries, but declined to do so. However, appeals for reappraisement were not filed because the increase in regular duties involved by reason of the difference between the entered and appraised values was small. The petitioner sought to have appraisement withheld pending determining of an appeal for reappraisement on the same issue, which had been filed by a competitor, and, failing that, it elected to prosecute this petition for remission of the additional duties, which automatically accrued upon the appraiser's return of a higher value.

The respondent takes the position that by its actions the petitioner demonstrated that it "obstinately refused and neglected to protect its interest; and was indifferent to its own duty to avoid the additional duties assessed under the provisions of Section 489," and that it did not attempt to ascertain whether its purchase price was the correct dutiable value.

We disagree with the position taken by the respondent. It clearly appears that there never was any question as to the purchase prices of such doors in Canada, i. e., the price at each of the three levels, and that the ultimate price paid was governed by the quantity purchased. Mr. Burno testified that he made inquiry in Canada and found that his competitors were paying the same price as he was paying for doors, that is to say, the carload price, and that the bulk of the business, between 65 and 75 percent, of the manufacturer was done in carload lots.

These facts led Mr. Burno to believe that carload lots were the usual wholesale quantity and that the carload price was the correct price at which entry should be made. That this could be a logical belief on the part of a businessman we have no doubt. As a matter of fact, at or about the time of entry, the question of customs valuation in relation to quantity discount purchases was being litigated, and it was not finally decided until about a year after the entries in this case were made. See *F. S. Whelan & Sons* v. *United States,* 39 C. C. P. A. (Customs) 168, C. A. D. 482, wherein it was ultimately held that the major portion of sales from the standpoint of number of sales controlled the value for customs purposes, and not the bulk of the sales from a volume standpoint.

At the time these entries were made in 1951, however, there was no way in which Mr. Burno or his customhouse broker or counsel could know the ultimate outcome of the *Whelan* case, and we think he was justified at that time in holding to the view that the carload price was the correct price at which entry should be made.

We do not believe, as does counsel for the defendant, that it is a necessary prerequisite to success in a remission action that the petitioner first prosecute an appeal for reappraisement. Had the petitioner done so in this case and lost the appeal for reappraisement, it would still have to petition for the remission of additional duties. It might have saved itself some money by merely accepting the offer to amend its entries, but that would have involved a tacit admission on its part that the position it had adopted with respect to the carload price was wrong. We do not believe that a petitioner should be penalized for refusing to abandon a principle in which it honestly believes, even though later events should prove it was an erroneous principle.

The question at issue here is not what the correct value of the merchandise was, but whether the petitioner entered the merchandise at a value which was less than that returned upon final appraisement, with intention to defraud the revenue of the United States, to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. The record shows that at all times the petitioner gave the customs officers all the information it possessed— even, it appears, the information as to the values, which were ultimately adopted by that officer. Concealment or misrepresentation of the facts, or intent to deceive the appraiser as to the value of the merchandise, certainly are thereby negatived.

The record shows that the responsible officer of the petitioner honestly believed that the carload price was the correct price for entry purposes and that he had some reasonable ground to so believe. We do not think that such action shows imprudence, obstinacy, or a disregard of its responsibilities in the entry of merchandise as would be tantamount to intention to defraud the revenue of the United States. On the contrary, we believe the actions of the petitioner in this regard clearly negative the idea that any intention to defraud the revenue of the United States ever existed on the part of the petitioner or its agent.

We, therefore, find that entry at less value than that returned upon final appraisement was without intention to defraud the revenue of the United States, to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. Judgment will, therefore, issue granting the petition accordingly.