(C. D. 1883)

CHARLES R. SPRINGMAN *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 29, 1957)

*William Whynman* for the petitioner.

*George Cochran Doub*, Assistant Attorney General (*Richard H. Welsh* and *Daniel I. Auster*, trial attorneys), for the respondent.

Before JOHNSON and DONLON, Judges

JOHNSON, Judge: This is a petition for the remission of additional duties assessed by reason of undervaluation of merchandise, pursuant to section 489 of the Tariff Act of 1930, as it existed prior to amendment by the Customs Simplification Act of 1953.

Five entries are involved herein, covering finished cigar lighters imported from Mexico between July 5, 1944, and September 19, 1944. All of the merchandise was invoiced at 3 Mexican pesos each. In the first entry (8B), dated July 5, 1944, the merchandise was entered at 3 Mexican pesos each, plus dutiable charges, and was appraised on January 3, 1952, at 5.52827 Mexican pesos each, net, tax and packing included. In the other entries, the merchandise was entered at 3 Mexican pesos each, plus dutiable charges and plus an amount for real wheels and rivets, and was appraised on January 3, 1952, at 6.0705 Mexican pesos each, net, packing and tax included.

These entries were among 94 appeals for reappraisement in the case of *Isidor Dorfman et al.* and *Charles R. Springman v. United States*, 36 Cust. Ct. 540, Reap. Dec. 8555. As to the present merchandise, it was agreed that it consisted of finished cigar lighters, that the proper basis for appraisement was export value, and that such value was represented by the appraised values. As to the balance of the merchandise, consisting of unfinished cigar lighters, it was held that the appraisement had been made by a wrong method, that the proper basis of appraisement was cost of production, and that such value was represented by the invoice values.

The entries involved in the instant case were made by C. R. Springman for the account of Isidor Dorfman. At the trial, Mr. Springman, a customhouse broker, now retired, explained that he had made the

entries in this manner at Mr. Dorfman's request and for his convenience, because he was a busy man and often out of town. Mr. Springman had agreed to the request after telling Mr. Dorfman that it would make him the owner for customs purposes and liable for duties, but Dorfman said not to worry, he would be behind him. The broker also told Dorfman that it was important to show on the entry the correct cost price and also to ascertain the correct market value, as merchandise is appraised on the basis of the cost of the merchandise sold for home consumption or for export, whichever is higher. Dorfman stated that he and a Mr. Celaya went to Mexico several times, contacted quite a few people, who were willing to manufacture this merchandise, and that all had more or less the same price, 2.50 to 3 pesos. He favored those with the highest price, thinking that the deliveries would be quicker.

Before making each entry, the witness had a conversation with Dorfman, in the course of which he asked him if he had checked the price with his agents in Mexico and whether or not there was a different price or a higher price for these lighters. As a result of each conversation, entry was made at the price of 3 pesos.

The witness also prepared a submission sheet in each instance, took it to the appraiser at Brownsville, Mr. Hellthaler, told him what Dorfman had said, and then asked him if he had heard of any change in price or any higher price for these lighters. When the appraiser said he had not, the witness made out his entry. The submission sheet, dated July 5, 1944 (petitioner's exhibit 1), has stamped thereon:

Ascertain correct foreign or export value from seller or shipper.

Mr. Springman testified that, in making the entries as he did, he relied upon the information he had received from Mr. Dorfman and that received from Mr. Hellthaler and that he personally believed 3 pesos was the correct value. He was first advised that the Government had a different value, when he received a note from Mr. Hellthaler in September 1951, some 7 years later, advising him of the fact. Thereafter, he wrote the appraiser that he was not satisfied with the values the Government had set and asked for a reappraisement. Appeals were filed in connection with 94 shipments of lighters, including those involved herein. As to 89 entries, the court agreed with him, but, as to these 5, the case was settled by stipulation on the basis of the appraised values. The witness gave the reason for entering the stipulation as follows:

* * * I told him [my attorney] to agree with the value of the Appraiser since it would be cheaper to pay the duties than for Mr. Whynman and maybe an interpreter to go down to Mexico and try to look up these people after so many years, and then come back and take a chance on a trial.

Q. In other words, the expenses were more than the duty?—A. That is correct.

Q. Really a business proposition, wasn't it?—A. Yes, sir.

Augustine Celaya, who was associated in business with and later became a partner of Mr. Dorfman, testified that, in March or April 1944, he and Mr. Dorfman went to Mexico City and contacted quite a number of manufacturers of cigar and cigarette lighters. Such merchandise was offered at prices of 2.50, 2.60, 2.70, 2.85, and 3 pesos each. Purchases were made at the price of 3 pesos, because of the belief that the manufacturer quoting the highest price would better supply the demands in the time desired. Mr. Celaya stated that he went to every place he could possibly find in Mexico and found that no lighters were sold for Mexican consumption; all were shipped. He made trips to Mexico City regularly, in connection with these lighters, about every week or 10 days. He arranged for the purchases while he was in Mexico and checked on the prices. He looked at every factory that made such lighters and never received any offers at more than 3 pesos, although some were lower. He talked with several people from whom purchases in the other 89 shipments were made, and no one quoted a price higher than 3 pesos. This price was not received from only one manufacturer or factory.

The question in this case, as in all remission cases, is whether satisfactory proof has been offered that the petitioner, in making entry at a less value than the final appraised value, was without intention to defraud the revenue, to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. There are certain fundamental facts which the petitioner must establish in order to obtain relief: That, in undervaluing the merchandise, he was acting in entire good faith; that no facts or circumstances were known to him which would cause a prudent and reasonable person to question the correctness of the values given by him; and that a full disclosure was made to customs officials of all material facts within his knowledge relative to the value of the merchandise. *Wolf & Co.* v. *United States,* 13 Ct. Cust. Appls. 589, T. D. 41453; *Intra-Mar Transport Corp., Formerly Gondrand Transport Corp.* v. *United States,* 42 C. C. P. A. (Customs) 94, C. A. D. 578. The petitioner is not the insurer of the correctness of the value of his goods, nor need he positively know their value. *P. Pastene & Co. (Inc.)* v. *United States,* 21 C. C. P. A. (Customs) 69, T. D. 46392. Where he exercises, what is, under the circumstances of the case, absolute good faith in making his entry, and fully discloses all material facts in his possession, he is entitled to a remission of additional duties. *Syndicate Trading Co.* v. *United States,* 13 Ct. Cust. Appls. 409, T. D. 41339. On the other hand, remission

will be denied where petitioner makes no effort to ascertain the value of his merchandise, or there are facts or circumstances known to petitioner which would cause a prudent man to make further inquiries, or where petitioner does no more than file a submission sheet with the appraiser, which is returned with no information. *United States* v. *Aug. F. Stauff & Co.*, 25 C. C. P. A. (Customs) 215, T. D. 49306; *United States* v. *Edward H. Corrigan*, 38 C. C. P. A. (Customs) 26, C. A. D. 434; *A. N. Deringer, Inc.* v. *United States*, 42 C. C. P. A. (Customs) 28, C. A. D. 565; *United States* v. *H. S. Dorf & Co. of Pa., Inc.*, 36 C. C. P. A. (Customs) 29, C. A. D. 392; *United States* v. *D. Lisner & Co., Inc.*, 38 C. C. P. A. (Customs) 79, C. A. D. 443; *Stan Newcomb and Barbara Todd* v. *United States*, 37 C. C. P. A. (Customs) 18, C. A. D. 413.

In the instant case, the petitioner is a customs broker, who made the entries in his own name and is, therefore, the consignee for tariff purposes. He had explained to Dorfman, the actual owner of the merchandise, the requirements for the valuation of merchandise and had been advised as to the steps he (Dorfman) had taken in connection with the purchase of the merchandise and its valuation. Before making each of the five entries, he had consulted the appraiser and also Dorfman, whose agent, Celaya, made regular trips to Mexico, in connection with this merchandise, and made inquiries of various manufacturers as to the value of cigar lighters. Petitioner, therefore, claims that he exercised due care and took all necessary steps which a reasonable and prudent entrant would have taken to ascertain the correct value of the merchandise.

The Government contends, however, that petitioner was unreasonably imprudent in relying solely on Dorfman for information as to value, without himself making independent investigations in Mexico.

It is a common and necessary business practice to act through agents, and there is nothing in the instant case to indicate that either Dorfman or Celaya was unreliable. Petitioner had explained to Dorfman what information would be needed to make entry and had been given such information, on the basis of the investigations which Dorfman and his agent had made. Petitioner did more than accept invoice values or file a submission sheet; he told Dorfman what inquiries would be necessary, and he asked for the result of such inquiries before making each entry.

It is not a prerequisite to success in a remission case that petitioner first prosecute an appeal for reappraisement (*John Wroblewski* v. *United States*, 28 C. C. P. A. (Customs) 150, C. A. D. 137; *Harris Brothers Company* v. *United States*, 34 Cust. Ct. 279, Abstract 58757), but, here, such appeals were filed and were settled at the appraised value as to these five entries, only because of the expense which

would have been involved in trial. This is quite understandable, in view of the fact that the merchandise was not appraised until over 7 years after entry, by which time it might have been difficult to find those who had manufactured cigar lighters in Mexico in 1944.

The question at issue is not the correct value of the merchandise but the good faith of petitioner in making entry. In our view, the record in this case establishes that petitioner had reasonable grounds to believe the entered values were correct and that, in making the entries, he acted without intention to defraud the revenue, conceal or misrepresent facts, or deceive the appraiser as to the value of the merchandise.

Accordingly, the petition is granted and judgment will be rendered for petitioner.