(C. D. 1905)

LEONARD BRAUNER *v.* UNITED STATES

United States Customs Court, Third Division

(Decided August 7, 1957)

Petitioner not represented by counsel.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the respondent.

Before JOHNSON, DONLON, and RICHARDSON, Judges

RICHARDSON, Judge: This is a petition for the remission of additional duties assessed by reason of undervaluation of merchandise,

pursuant to section 1489 of title 19 of the United States Code, as it existed prior to amendment by the Customs Simplification Act of 1953.

A shipment of toy clarinets from Germany on October 17, 1952, entered at the port of New York, November 3, 1952, bearing entry No. 771086, is involved in this petition. Mr. Joseph Flink, the then partner (and agent) of Leonard Brauner, purchased and shipped the clarinets in Brauner's name, informing Brauner of the transaction. The merchandise was invoiced at $1.65 per dozen, which reflected a 70 per centum discount below the list price. It was appraised at 22.60 deutschemarks per dozen, less 50 per centum, plus export cases. The importer filed an appeal for reappraisement in the case of *Leonard Brauner* v. *United States*, 37 Cust. Ct. 488, Reap. Dec. 8629, and offered in evidence a letter received by him from the exporter, February 24, 1956 (over 3 years from date of entry), stating that Brauner was allowed a special discount of 70 per centum as a consideration for "your large order of 3,000 dz. of this 6 key clarinet." The court in the appeal for reappraisement found that the appraised value was the correct value.

In the petition for remission under consideration, the importer stated that "your petitioner seeks to *prove* to this court that the aforesaid toy clarinets entered at the port of New York for a less value than that returned upon final reappraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise, * * *." [Italics supplied.]

At the hearing, the importer acted as his own attorney. The court informed him that his petition was not evidence and asked him if he had any facts he wished to offer in evidence. He stated that his testimony would be in exact accordance with his petition. The court asked him a second time if he had any facts to offer in support of his petition, and he replied, "No, your Honor." The record is barren of *any* evidence to support the petition.

The statute authorizing the petition for remission of additonal duties states: "Such additional duties shall not be * * * remitted nor payment thereof in any way avoided, except * * * upon the finding of the United States Customs Court, upon *a petition * * * supported by satisfactory evidence * * *.*" [Italics supplied.] (19 U. S. C. § 1489.) "Satisfactory evidence" is defined as *"Proof* of the circumstances and conditions, and a full and candid explanation thereof * * *." [Italics supplied.] *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301, T. D. 41220; *United States* v. *W. J. Westerfield*, 40 C. C. P. A. (Customs), 115, 124, C. A. D. 507. The statement of one seeking duty remission to the effect that he had no intent to defraud, conceal, or deceive, "standing alone, without

corroborating facts or circumstances, being the issue to be determined by the court, certainly is not such proof as is required." *Finsilver, Still & Moss* v. *United States*, 13 Ct. Cust. Appls. 332, T. D. 41250.

The fundamental facts which a petitioner must establish in order to obtain relief are: "* * * That, in undervaluing the merchandise, he was acting in entire good faith; that no facts or circumstances were known to him which would cause a prudent and reasonable person to question the correctness of the values given by him; and that a full disclosure was made to customs officials of all material facts within his knowledge relative to the value of the merchandise." *Charles R. Springman* v. *United States*, 38 Cust. Ct. 334, C. D. 1883; *Wolf & Co.* v. *United States*, 13 Ct. Cust. Appls. 589, T. D. 41453.

Since Flink was acting as the agent of the petitioner in purchasing the merchandise, such knowledge as Flink had is imputed to the petitioner. Flink undoubtedly had knowledge of the large discount (70 per centum). This discount accounted for the appraised value exceeding the entered value by more than 100 per centum, thus making the undervaluation presumptive evidence of fraud and placing on petitioner the burden of proof to rebut the presumption.

Even assuming neither Flink nor petitioner had knowledge of the fact that the invoice value was not the correct value, this could not be accepted as meeting the meaning of satisfactory evidence. "To obtain the benefit of the remission statute a petitioner must show more than lack of knowledge." *United States* v. *W. J. Westerfield*, 40 C. C. P. A. (Customs), 115, 124, 125, C. A. D. 507.

The pleading before the court is not evidence of the facts required to be proved in a petition for remission of additional duties in an undervaluation of merchandise case. It merely points out the object to which evidence is to be directed. *Southern Pac. Co.* v. *Conway* (C. C. A. Ariz.), 115 F. 2d, 746, 750.

Petitioner offered no evidence to support his petition, and the court is thus without authority under section 1489 of title 19 of the United States Code, to grant a remission of additional duties. The petition is denied.