No. 66475.—M. M. Du Pouey *v.* United States, petition 7247–R (New Orleans).

Ford, Judge: This is a petition filed under the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties assessed by reason of undervaluation on entry of certain hard candy, imported from Cuba at the port of New Orleans.

The facts as to the particular entry involved, as developed in the record and papers, are as follows:

The petitioner in the case at bar, M. M. Du Pouey, is a customhouse broker. In making entry, petitioner obtained the consular invoice, indicating Knickerbocker Food Products Co. as the purchaser and setting forth the price of $12.50 per hundred pounds, and the original bill of lading. Said merchandise was, accordingly, entered at this value, less certain nondutiable charges. Petitioner also filed with the appraiser a request for information as to value, which was signed by Edward J. Skrod, vice president of Knickerbocker Food Products, Inc. The return of the appraiser indicated that no current information as to market value was obtainable and that the value was to be ascertained from the shipper. In addition, petitioner herein obtained a declaration of ownership on customs Form 3347, duly signed by Edward J. Skrod, vice president of Knickerbocker Food Products, Inc. However, said form was received by petitioner too late

to be filed with the collector of customs at New Orleans. A copy of said declaration was received in evidence as petitioner's exhibit 1.

Thereafter, and before final appraisement, petitioner, as indicated by her collective exhibit 4, communicated with the importer through its New Orleans agent, in order to obtain additional information relative to the entered value. The information given by the importer substantiated the entered value. The merchandise was subsequently appraised at $16 per hundred pounds, less certain nondutiable charges.

After appraisement, an appeal for reappraisement was filed, and the petitioner corresponded with the New Orleans agent and representative of Knickerbocker Food Products, Inc., and made various other inquiries, in an effort to obtain information relative to the entered value. While this data was being accumulated, Mr. Skrod died and his firm became inactive.

Mr. Lacy Richeson, agent of the actual importer herein, who was also attempting to obtain information, died shortly before the trial date. As a result, petitioner believed it was necessary to abandon the appeal for reappraisement.

The testimony of petitioner indicates that, by virtue of the information received, she had no reason to believe that a value different from the entered value should be used. Also, she gave to the customs officials all the information she had and talked with them on several occasions about the matter.

Petitioner then called Mr. Charles J. Colomes, an assistant appraiser of merchandise with the customs service, who, at the time of entry of the merchandise in question, was an examiner handling sugar and candy articles. Mr. Colomes testified that he has known the petitioner for about 33 years and that, to his knowledge, she enjoys an excellent business reputation in New Orleans and that he regards her as a person of high moral character and personal integrity.

The question of what constitutes satisfactory evidence to support a petition for remission of additional duties has previously been determined by this court and our appellate court.

Where a customs broker makes an entry and does not file an owner's declaration executed by the ultimate consignee, the nominal consignee is, for tariff purposes, the owner and principal and not the agent of the actual owner. *American Shipping Co.* v. *United States*, 10 Cust. Ct. 300, C.D. 771. Therefore, in such a remission proceeding, the good faith of the actual owner is not in issue. *National Carloading Corp.* v. *United States*, 16 Cust. Ct. 138, C.D. 1001.

The cases further establish that, in remission cases, the petitioner assumes the burden of establishing that, in undervaluing the merchandise, he was acting in good faith; that no facts were known to him which would cause a prudent person to question the correctness of the values given by him; and that a full disclosure was made to customs officials of all material facts within his knowledge relative to the value of the merchandise. *Stan Newcomb and Barbara Todd* v. *United States*, 37 C.C.P.A. (Customs) 18, C.A.D. 413; *Leonard Brauner* v. *United States*, 39 Cust. Ct. 64, C.D. 1905; *Gerhart L. Kobrak* v. *United States*, 12 Cust. Ct. 112, C.D. 838, rehearing denied, 12 Cust. Ct. 301, Abstract 49377.

Therefore, upon the record in the instant case, we must determine whether the petitioner, who is the customhouse broker and importer of record, exercised good faith and did not conceal or misrepresent the facts with fraudulent intent.

From the record before the court in this case, it is our opinion that petitioner acted in good faith and that petitioner made a full disclosure of all the material facts in her possession bearing upon the value of the merchandise after a reasonable and prudent investigation into the question of value.

It is our opinion, therefore, and we so hold, that the entry at a value less than that returned upon appraisement was without intent to defraud the revenue of

# 345

the United States, or to conceal facts, or to deceive the appraiser as to the value of the merchandise. Accordingly, the petition is granted.

Judgment will be entered accordingly.