**No. 66884.**—A. Bram, Inc. *v.* United States, petition 7250–R (New York).

JOHNSON, Judge: This is a petition for the remission of additional duties assessed by reason of undervaluation of merchandise, brought pursuant to section 489 of the Tariff Act of 1930, as it existed prior to the amendment in the Customs Simplification Act of 1953.

The merchandise involved herein consists of imitation precious stones, cut and faceted, manufactured in France and imported on or about January 11, 1952. It was entered at the invoice values and was appraised at higher values.

At the trial, Abraham Bram, president of A. Bram, Inc., the petitioner, testified that he purchased this merchandise from Emile Dalloz & Fils and that he paid the prices stated on the invoice. Prior to making the entry, the witness spoke to Mr. Dalloz, Jr., who told him that these goods were sold for export at the same prices at which they were sold in the home market. There was received in evidence, as petitioner's exhibit 2, the consular invoice, which contains a statement of Emile Dalloz & Fils certifying that such or similar merchandise was freely offered for sale in France and is ordinarily sold for home consumption to purchasers classified for the purpose of the French fiscal reform law as producers and that such sales were made at prices no higher than the invoice prices.

Mr. Bram stated that he had talked with other importers and found that Emile Dalloz & Fils charged everyone the same prices; that there was no difference between one importer and another.

Thereafter, the witness discussed the matter with Mr. Van Lenten of the customs service and was told that there were other prices at which the goods were sold abroad and that this merchandise would have to be advanced in

value. After consultation with counsel, Mr. Bram decided to make a test case of this entry and to amend entries covering other shipments of this merchandise. An investigation was made by counsel, and it was found that sales were made in the foreign market by the manufacturer to one firm exclusively; that that firm sold to a third firm exclusively; and that it was only the third firm which freely offered the merchandise to all purchasers. Since the merchandise had been appraised at the prices of the last-mentioned firm, the test case was abandoned.

Mr. Bram testified that, at the time of entry, he believed the entered values were the correct dutiable values of the merchandise and that, in making entry at those values, he did not intend to defraud the revenue of the United States, conceal or misrepresent facts, or deceive the appraiser as to the value of the merchandise.

At the conclusion of the trial, counsel for the Government stated that the testimony and the statement by petitioner's counsel were correct and in accordance with the facts presented to Government counsel.

The issue in this case is whether satisfactory proof has been offered that the petitioner, in making entry at less values than the final appraised values, was without intention to defraud the revenue, conceal or misrepresent the facts, or deceive the appraiser as to the value of the merchandise. There are certain fundamental facts which a petitioner must establish in order to obtain relief: That, in undervaluing the merchandise, he was acting in entire good faith; that no facts or circumstances were known to him which would cause a prudent and reasonable person to question the correctness of the values given by him; and that a full disclosure was made to customs officials of all material facts within his knowledge relative to the value of the merchandise. *Wolf & Co. v. United States*, 13 Ct. Cust. Appls. 589, T.D. 41453; *Intra-Mar Transport Corp., Formerly Gondrand Transport Corp. v. United States*, 42 C.C.P.A. (Customs) 94, C.A.D. 578; *Charles R. Springman v. United States*, 38 Cust. Ct. 334, C.D. 1883.

In the instant case, it appears that petitioner made inquiries as to the value of the merchandise; that it believed that the entered values were correct; that full disclosure was made to customs officials; that there was an honest difference of opinion as to the correct value of the merchandise; and that a test case was instituted and abandoned only after it was found that the appraised values were correct.

On the record presented, we hold that entry of this merchandise at values less than the appraised values was made without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the values of the merchandise.

The petition is granted and judgment will be rendered accordingly.