BEFORE THE SECOND DIVISION, SEPTEMBER 9, 1964

· **No. 68759.**—M. M. DuPouey *v.* United States, petition 7253–R (New Orleans).

LAWRENCE, Judge: This petition for remission is closely related to petition number 7247–R, filed by the same petitioner, involving the same type of merchandise, certain hard candy imported from Cuba, and presenting substantially the same chain of circumstances surrounding the differences between the entered and appraised values of the merchandise. That case is reported as *M. M. Du Pouey* v. *United States*, petition 7247–R (New Orleans), 48 Cust. Ct. 343, Abstract 66475, wherein the petition was granted. The record in that case was incorporated and made a part of the record herein.

Without analyzing the record in detail, an examination thereof satisfies the court that the entry of the merchandise, at a less value than that returned upon final appraisement, was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. As a matter of fact, respondent has filed a memorandum herein stating with commendable candor that—

* * * upon reviewing the record herein and the decision of the Court in *M. M. DuPouey* v. *United States*, Abstract 66475, respondent concurs with petitioner and shall not file a brief in the above captioned case.

Upon the record and for the reasons stated, the petition is granted and judgment will issue accordingly.

BEFORE THE FIRST DIVISION, SEPTEMBER 10, 1964

**No. 68760.**—Sphinx Import Co., Inc. *v.* United States, protest 64/8104 (Seattle).

Opinion by WILSON, J. An examination of the official papers disclosing that the protest was filed more than 60 days after liquidation, it was dismissed as untimely, by virtue of section 514, Tariff Act of 1930.